Case 5:26-cv-00016   Document 2   Filed 01/15/26 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| NODIR ZAFAR UGLI SAYDULLAEV § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-cv-16 |
| § | |
| ORLANDO PEREZ *et al.* § | |
| § | |

## ORDER

Before the Court is Petitioner Nodir Zafar Ugli Saydullaev's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1).[1] For the reasons below, Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 1).

## I. BACKGROUND

This case is among a rapidly increasing number before the Court challenging the federal government's new policy of mandatorily detaining all noncitizens charged with entering the United States without inspection.[2] Petitioner, an Uzbekistani citizen, has resided in the United States since September 16, 2023 (Dkt. No. 1 at 2, ¶ 1).

---

[1] The Petition names Orlando Perez, Immigration and Customs Enforcement, Kristi Noem, U.S. Department of Homeland Security, Pamela Bondi, Executive Office for Immigration and Review, Laredo Detention Center, and Sylvester Ortega as respondents in this action. But the Warden, "the person who has custody over [Petitioner]" is generally the only properly named respondent. 28 U.S.C. §§ 2242, 2243; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted)).

However, it is the Court's understanding that Federal Respondents' position is that they have detention authority over aliens detained under Title 8 of the United States Code. Accordingly, the Court will not dismiss Federal Respondents at this time.

[2] To date, the Undersigned has already granted Petitioner's relief on the merits in over fifteen separate cases. *See Lopez Baltazar v. Vasquez*, 5:25-cv-160, (S.D. Tex. filed Sept. 29, 2025); *Lopez de Leon v. Harlingen Field Office*, 5:25-cv-165 (S.D. Tex. filed Oct. 4, 2025); *Alkis v. Cole*, 5:25-cv-168 (S.D. Tex. filed Oct. 7, 2025); *Almazan Tapia v. Vergara*, 5:25-cv-174 (S.D. Tex. filed Oct. 10, 2025); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197 (S.D. Tex. filed Oct. 29, 2025); *Vazquez-Jaime v. Agudelo*, 5:25-cv-220 (S.D. Tex. filed Nov. 17, 2025); *Gonzalez Garcia v. Bondi*, 5:25-cv-226 (S.D. Tex. filed Nov. 20, 2025); *Perez Luis v. Noem*, 5:25-cv-229 (S.D. Tex. filed Nov. 24, 2025); *Martinez Menjivar v. Warden Webb Cnty. Det. Ctr.*, 5:25-cv-230 (S.D. Tex. filed Nov. 24, 2025); *Covarrubias Barba v. Agudelo*, 5:25-cv-234

In September 2025, ICE detained Petitioner at an immigration checkpoint in Texas (Dkt. No. 1 at 2, ¶ 5). Presently, Petitioner is in ICE's custody at the Laredo Detention Center in Laredo, Texas (Dkt. No. 1 at 2, ¶ 4; 4, ¶ 13). Following his apprehension, Petitioner requested a bond hearing pursuant to 8 U.S.C. § 1226(a) (Dkt. Nos. 1 at 3, ¶ 6; 1-1). The Immigration Judge ("IJ") denied him bond based on the Board of Immigration Appeals ("BIA") decision in *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), which Respondents contend renders Petitioner ineligible for bond (Dkt. Nos. 1 at 3, ¶ 6; 1-1). 29 I&N at 221.

On January 7, 2026, Petitioner filed this petition for a writ of habeas corpus, alleging he is entitled to a bond hearing, and challenging the administration's interpretation of 8 U.S.C. §§ 1225(b)(2), 1226 (*see* Dkt. No. 1). Based on recent developments, Petitioner asserts he is a member of the *Maldonado Bautista v. Santacruz, Jr.*, --- F.R.D. ---, 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) certified class (*See* Dkt. No. 1).[3] Petitioner advances he is a member of the bond eligible class because he "[d]oes not have lawful status in the United States and is currently detained at the Laredo Detention Center," "[e]ntered the United States without

---

(S.D. Tex. filed Nov. 25, 2025); *Garcia Puente v. Rodriguez*, 5:25-cv-235 (S.D. Tex. filed Nov. 26, 2025); *Leija Cruz v. Noem*, 5:25-cv-254 (S.D. Tex. filed Dec. 5, 2025);*Valdes Calvo v. Rodriguez*, 5:25-cv-259 (S.D. Tex. filed Dec. 9, 2025); *Singh v Perez*, 5:25-cv-258 (S.D. Tex. filed Dec. 09, 2025); *Peralta Gomez v. Bondi*, 5:25-cv-281 (S.D. Tex. filed Dec. 23, 2025); *Krishan v. Warden of the Rio Grande Det. Facility*, 5:25-cv-285 (S.D. Tex. filed Dec. 25, 2025); *Rivera v. Garcia*, 5:25-cv-300 (S.D. Tex. filed Dec. 30, 2025); *Lopez Ayala v. Vergara*, 5:25-cv-306 (S.D. Tex. filed Dec. 31, 2025).

[3] In *Maldonado Bautista*, United States District Judge Sunshine Sykes certified a nationwide class under Federal Rule of Civil Procedure 23(b)(2) for aliens "who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *2 (C.D. Cal. Dec. 18, 2025) (defining class); *id.* at *29 (granting class certification). The court also granted the named petitioners' motion for partial summary judgment and found that class members are detained under § 1226 rather than § 1225. *See id.* at *12. The Court grants relief on the Petition alone. *See Guzman v. Bondi*, No. 1:25-CV-2055-RP, 2025 WL 3724465, at *6 (W.D. Tex. Dec. 23, 2025) (declining to consider the effect of *Maldonado Bautista* and deciding solely on statutory grounds).

2

inspection," and "[i]s not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231" (Dkt. No. 1 at 9, ¶ 28).

Considering the circumstances, the Court resolves the issues without a response or hearing. *See* 28 U.S.C. § 2243 (a court entertaining a habeas petition shall immediately "award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted" (emphasis added)); *see also Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (a court need not hold a hearing if the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts").

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a petitioner in federal custody in violation of the Constitution or federal law. Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations omitted), *superseded by statute on other grounds*, Real ID Act of 2005, H.R. 418, *as recognized in Nasrallah v. Barr*, 590 U.S. 573 (2020). Accordingly, challenges to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.  DISCUSSION

Section 1225(b)(2)(A) mandates detention of undocumented aliens when the "examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. In contrast, section 1226(a) offers discretionary detention for undocumented aliens who are present in the United

States and eligible for removal. Under section 1226(a), "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained under § 1226(a) 'on bond or conditional parole.'" *Id.* (citation modified). Importantly, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*, *Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2782499, at *3 (W.D. Wash. Sep. 30, 2025). The Department of Homeland Security's "longstanding interpretation" is that section 1226 applies to aliens who crossed the border but are not immediately apprehended. *See Savane v. Francis*, --- F. Supp. 3d ---, 2025 WL 2774452, at *5 (S.D.N.Y. Sep. 28, 2025) (citing Tr. of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954)).

Moreover, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court described § 1226 as the "default rule" governing "an alien present in the country" pending their removal. 583 U.S. at 288. Indeed, *Jennings* plainly states: "§ 1226 applies to aliens already in the United States," thus undercutting Respondents' characterization of the statutory language at play.[4] *Id.* at 303. The Court would be hard-pressed to classify Petitioner, who has resided in the United States for years, as an alien seeking admission both at the time he entered and now (Dkt. No. 1 at 2, ¶ 1). If the Court were to adopt Respondents' position, that would effectively render § 1226(a) useless and run afoul of

---

[4] The Court extrapolates this argument from Respondents' continued failure to grant individuals, such as Petitioner, bond hearings despite the Court finding in numerous cases that such relief is required.

4

*Jennings*'s reasoning. *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *7–8 (D. Ariz. Oct. 3, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *3–4 (S.D. Tex. Oct. 8, 2025).

Many courts have grappled with this issue in the preceding months,[5] including the Southern District of Texas. For example, United States District Senior Judge Lee H. Rosenthal recently rendered a decision, succinctly concluding "that § 1226, not § 1225, applies to [petitioner's] detention." *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025). Of course, this Court is not bound by Judge Rosenthal's decision. *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)). However, the Court nonetheless is persuaded by Judge Rosenthal's reasoning. Judge Rosenthal's opinion indicates a strong consensus amongst the district courts regarding the interpretation of sections 1225 and 1226. *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (collecting cases); *see also Rodriguez*, 2025 WL 2782499, at *3 (noting the widespread agreement by district courts concluding "the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"). Additionally, a Seventh Circuit panel recently held, based on a preliminary record, that the detention of non-citizens who are "unlawfully already in the United States" is authorized by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th

---

[5] In a hearing before United States District Judge John A. Kazen, the Government declined to defend its position on this issue, stating "[g]iven the ruling in [*Buenrostro-Mendez*] your Honor, I am hesitant to argue our position vehemently before this court, and basically would rest on our brief" (Hr'g at 01:40:22–1:40:39). Respondents now advise that *Buenrostro-Mendez* is on appeal; however, they have not articulated any reason for the Court to reevaluate its position.

5

1048, 1060–62 (7th Cir. 2025). Based on the abundance of cases[6] that have already addressed these arguments and the Government's apparent timid approach in the *Covarrubias* matter, the Court declines to restate the in-depth analysis provided by these courts but stands in agreement. *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country).

Accordingly, the Court finds section 1226 applies to Petitioner's detention.[7] As found by nearly every other district court to address this issue, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" make clear section 1226 applies here. *Buenrostro-Mendez*, 2025 WL 2886346, at *3.

## IV. CONCLUSION

Petitioner's Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** and **DENIED IN PART**. Respondents are **ORDERED** to provide Petitioner with a bond hearing pursuant to § 1226 no later than **January 22, 2026**. To the extent the Petition seeks Petitioner's release or an injunction prohibiting Petitioner's re-detention, such relief is **DENIED** at this time. The parties are **ORDERED** to update the court on the status of the bond hearing no later than **January 29, 2026**.

---

[6] The Court is aware of four cases outside this district that went the other way: *Vargas Lopez v. Trump*, --- F. Supp. 3d --- , 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, --- F. Supp. 3d. ---, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Garibay Robledo v. Noem*, 1:25-cv-177-H, slip. op. (N.D. Tex. Oct 24, 2025); and *Barrios Sandoval v. Acuna*, 6:25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025). Additionally, this Court is aware of at least one district judge in the Southern District of Texas who recently held in Respondents' favor. *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *8 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.). The Court is not compelled by these cases, and instead, finds that the weight of the authority plainly lies on the other side.

[7] Although Petitioner raises both statutory and constitutional grounds, the Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025).

The Clerk of Court is **DIRECTED** to serve a copy of Petitioner's Writ of Habeas Corpus (Dkt. No. 1), its attachments (Dkt. Nos. 1-1, 1-2, 1-3, 1-4), and this Order on Respondents via certified mail return receipt requested at the following addresses:

Orlando Perez
Warden, Laredo Detention Center
4702 East Saunders
Laredo, Texas 78401

Immigration and Customs Enforcement
500 12th St, SW
Washington, D.C. 20536

Kristi Noem
United States Secretary of Department of Homeland Security
245 Murray Lane SW
Mail Stop 0485
Washington, District of Columbia 20528

United States Department of Homeland Security
245 Murray Lane SW
Mail Stop 0485
Washington, District of Columbia 20528

Pamela Bondi
United States Attorney General
950 Pennsylvania Avenue NW
Washington, District of Columbia 20530

Executive Office for Immigration Review
5107 Leesburg Pike
Falls Church, Virigina 22041

Laredo Detention Center
4702 East Saunders
Laredo, Texas 78401

Sylvester Ortega
Acting Director of San Antonio Field Office of ICE ERO Division
1777 NE Loop 410, Floor 15
San Antonio, Texas 78217

Pursuant to Federal Rule of Civil Procedure 4(i)(2), the Clerk of Court is **DIRECTED** to serve copies of Petitioner's Writ of Habeas Corpus (Dkt. No. 1), its

attachments (Dkt. Nos. 1-1, 1-2, 1-3, 1-4), and this Order via certified mail return receipt requested on the following:

>United States Attorney
>Attention: Civil Process Clerk
>1000 Louisiana Street, Suite 2300
>Houston, Texas 77002

*See also* Rules 1(b), 12 of the Rules Governing Section 2254 Proceedings.

The Clerk of Court is also **DIRECTED** to electronically serve a courtesy copy of this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

To preserve the status quo, Respondents are **ORDERED** to notify Petitioner's counsel and the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas, Laredo Division, or any planned removal of her from the United States, **at least five (5) days before** any such transfer or removal.

Finally, Respondents will not be served further notice of activity on this docket. Instead, they must arrange to monitor the docket themselves, either by automatic electronic service or otherwise.

It is so **ORDERED**.

**SIGNED** January 15, 2026.

_____
Marina Garcia Marmolejo
United States District Judge